# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William G. Harden, | ) C/A No. 6:09-2362-HFF-WMC |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **Report and Recommendation** |
| Scott Bodiford, Administrator; James Dorriety, | ) **for Partial Summary Dismissal** |
| Administrator; Cpl. Cathey, Detention Officer; | ) |
| All of the Greenville County Detention Center; and | ) |
| Paul B. Wickenseimer, Clerk of Court for Greenville | ) |
| County; all defendants herein in their official and | ) |
| individual capacities, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

William G. Harden, (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Lieber Correctional Institution (LCI), a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint should be dismissed for failure to state a claim upon which relief may be granted as to Defendants Paul B. Wickenseimer[2] and the Greenville County Detention Center. Service of the complaint is recommended below for Defendants Scott Bodiford, James Dorriety, and Cpl. Cathey.

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Plaintiff refers to this Defendant as Paul B. Wickenseimer in the complaint's caption. Elsewhere in the complaint, Plaintiff lists this Defendant as Paul B. Wickensimer.

28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to partial summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not

mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff indicates that he was detained at the Greenville County Detention Center (GCDC) on two occasions: (1) from March 2007 until October 2007; and (2) from May 9, 2008 until May 16, 2008. Plaintiff states each of these periods of detainment resulted from bench warrants, which were issued for Plaintiff's failure to appear in court by Defendant Paul B. Wickenseimer, Clerk of Court for Greenville County. Plaintiff claims the bench warrants were improperly and negligently issued by Defendant Wickenseimer. (Plaintiff's Complaint, pages 5-7).

Plaintiff further claims that the "Greenville County Detention Center has no law library nor any alternative resource for legal assistance." (Plaintiff's Complaint, page 4), Plaintiff's claims against Defendants Bodiford, Dorriety, and Cathey regard Plaintiff's alleged forced labor at the GCDC while detained on the above-mentioned bench warrants. The complaint claims that Plaintiff labored "nonstop daily (7 days a week, 10 hours per day from June 28, 2007 until October 12, 2007, a total of 106 days." (Plaintiff's Complaint, page 3). Plaintiff seeks monetary damages for the Defendants' actions and asks the Court to ensure the "institution of law library" at the GCDC and the "institution of a completely new system for tracking attendance in the Court of General Sessions." (Plaintiff's Complaint, page 8).

**Discussion**

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, to the extent Plaintiff intended to name the Greenville County Detention Center as a Defendant in this case, this entity is entitled to summary dismissal from this action.[3] It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit

---

[3] Plaintiff failed to provide service documents for the Greenville County Detention Center (GCDC). Thus, it is possible that Plaintiff intended the phrase "All of the Greenville County Detention Center" as a way of identifying Defendants Bodiford, Dorriety and Cathey, whose names appear above the GCDC in the complaint's caption. However, as the GCDC appears in the caption of Plaintiff's complaint, this entity was added to the Court's docket as a Defendant in the case.

4

under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). As the Greenville County Detention Center is a building used to house pretrial detainees, it is not a "person" amenable to suit under § 1983. Therefore, this Defendant should be summarily dismissed from the instant action.

Next, Plaintiff's claim against Defendant, Paul B. Wickenseimer, Clerk of Court for Greenville County, is based on this Defendant's "gross negligence" in issuing allegedly improper bench warrants against the Plaintiff. However, the law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). As negligence is not a cognizable claim under § 1983, Plaintiff's allegations against Defendant Wickenseimer are subject to summary dismissal.

Additionally, as the Clerk of Court for Greenville County, Defendant Wickenseimer is protected from suit in his official capacity by the Eleventh Amendment. Clerks of Court are elected by voters of a county. *See* S.C. Const. art. V, § 24. As an elected state official, Defendant Wickenseimer is immune from suit under the Eleventh Amendment, which "divests this court of jurisdiction to entertain a suit brought against the State of South Carolina, its integral parts, or a state official acting in his or her official capacity."[4] *Muqit*

---

[4] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit
(continued...)

*v. Kitchens*, 2009 WL 87429, C/A No. 2:08-3959-CMC-RSC (D.S.C. Jan. 13, 2009). *See also Federal Maritime Commission v. South Carolina State Ports Authority,* 535 U.S. 743 (2002)*; Board of Trustees of University of Alabama v. Garrett,* 531 U.S. 356 (2001)*; Kimel v. Florida Board of Regents,* 528 U.S. 62 (2000). Therefore, to the extent Plaintiff is suing Defendant Wickenseimer in an official capacity, this Defendant is immune from suit under the Eleventh Amendment.

Clerks of Court are also part of the State of South Carolina's unified judicial system. *See* S.C. Code Ann. §§ 14-1-40, 14-17-10. Thus, Defendant Wickenseimer is protected from suit in an individual capacity by the doctrine of quasi-judicial immunity. The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601(7th Cir. 1992), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989). *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel). *Cf. Pink v. Lester*, 52 F.3d 73 (4th Cir.1995) (overruling *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972), which held that clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings). As a Clerk of Court, Defendant Wickenseimer is entitled to such immunity when performing quasi-judicial functions.

---

[4](...continued)
in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e)(statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).

Further, several circuits have held "that a clerk's issuance of a warrant involves a quasi-judicial act and, therefore, carries with it the protections of absolute immunity." *Newton v. Buckley*, No. 96-4202, 1997 WL 642085, at *4 (10th Cir. Oct. 17, 1997). *See also Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988); *Scott v. Dixon*, 720 F.2d 1542, 1546-47 (11th Cir. 1983); *Mosley v. Bass River Municipal Court*, Civil No. 04-4511(JBS), 2006 WL 2264835, at *3 (D.N.J. Aug. 7, 2006)(granting quasi-judicial immunity to a clerk of court for improperly issuing a bench warrant). It is also noted that Defendant Wickenseimer is authorized by state law to issue bench warrants. *See* S.C. Code Ann. § 14-17-260. As, Plaintiff's claim against Defendant Wickenseimer is based on the manner in which this Defendant performed an official quasi-judicial duty, Defendant Wickenseimer is protected by the doctrine of quasi-judicial immunity from any individual capacity suit, and is entitled to summary dismissal from this action.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case as to Defendants Paul B. Wickenseimer and the Greenville County Detention Center *without prejudice* and without issuance and service of process for these Defendants. Process shall issue for service on Defendants Bodiford, Dorriety, and Cathey. Plaintiff's attention is directed to the important notice on the next page.

September 24, 2009                          s/William M. Catoe
Greenville, South Carolina              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).