IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| William G. Harden, | ) | |
|---|---|---|
| | ) | Civil Action No. 6:09-2362-HFF-WMC |
| Plaintiff, | ) | |
| | ) | **O R D E R** |
| vs. | ) | |
| | ) | |
| Scott Bodiford, Administrator; James Dorriety, Administrator; Cpl. Cathey, Detention Officer, all defendants herein in their official and individual capacities, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court on the plaintiff's motions to amend his complaint (docs. 26, 34) and his motion for more definite statement (doc. 37). The plaintiff, a state prisoner who is proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

In a report and recommendation filed September 24, 2009, this court recommended that defendants Paul B. Wickensimer, the Clerk of Court for Greenville County, and the Greenville County Detention Center be dismissed for failure to state a claim upon which relief may be granted. Service of the complaint was recommended for defendants Bodiford, Dorriety, and Cathey. On October 21, 2009, the Honorable Henry F.

Floyd, United States District Judge, adopted the report and summarily dismissed defendants Wickensimer and the Greenville County Detention Center.

Defendant Wickensimer was dismissed from the instant case because, as the Clerk of Court for Greenville County, he is protected from suit in his official capacity by the Eleventh Amendment, and he is protected by the doctrine of quasi-judicial immunity from any individual capacity suit (R&R at 5-7). In his motions to amend his complaint (docs. 26, 34), the plaintiff states that he wishes to withdraw his claims for actual and punitive damages against defendant Wickensimer, and he wishes to add claims against Wickensimer for injunctive relief under the Fourteenth Amendment and for damages under the South Carolina Tort Claims Act. As Wickensimer has been dismissed from this action, the plaintiff's motion in effect is to add him as a defendant.

The plaintiff seeks to amend his complaint to add the following:

> a demand for declaratory relief . . . declaring the right of the plaintiff and the public at large to be free from the current system for tracking attendance of defendants in the Court of General Sessions . . and to the institution of a new system for tracking such attendance, in particular as it affects the issuance of bench warrants for "failure to appear" . . .

(Pl. m. to amend at 2). As this court noted in the previous report and recommendation issued in this case, several circuits have held "that a clerk's issuance of a warrant involves a quasi-judicial act and, therefore, carries with it the protections of absolute immunity." *Newton v. Buckley*, No. 96-4202, 1997 WL 642085, at *4 (10th Cir. 1997). *See also Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988); *Scott v. Dixon*, 720 F.2d 1542, 1546-47 (11th Cir. 1983); *Mosley v. Bass River Municipal Court*, Civil No. 04-4511(JBS), 2006 WL 2264835, at *3 (D. N.J. 2006) (granting quasi-judicial immunity to a Clerk of Court for improperly issuing a bench warrant). Section 309(c) of the Federal Courts Improvement Act of 1996 ("FICA"), Pub. L. No 104-317, 110 Stat. 3847 (1996), amended Section 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's

2

judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. As the plaintiff does not allege that either of these prerequisites for injunctive relief were met, his proposed claim for injunctive relief against Wickensimer is futile. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (barring injunctive relief against a quasi-judicial official); *Gilmore v. Bostic*, 636 F.Supp.2d 496, 506 (S.D. W. Va. 2009)(collecting cases). Further, with regard to the plaintiff's proposed claim for damages under the South Carolina Tort Claims Act, the Act provides: "[t]he governmental entity is not liable for a loss resulting from: legislative, judicial, or quasi-judicial action or inaction." S.C. Code Ann. § 15-78-60. In addition to the judicial immunity under the Tort Claims Act, common law judicial immunity was expressly preserved under the Act. *See O'Laughlin v. Windham*,, 498 S.E.2d 689, 691 (S.C. Ct.App. 1998). Lastly, the plaintiff wishes to correct the spelling of Wickensimer's name in the complaint. As this court finds that Wickensimer should not be added as a defendant, this request is moot. Based upon the foregoing, the plaintiff's motions to amend (docs. 26, 34) are denied.

The plaintiff filed a motion for more definite statement (doc. 37) on November 12, 2009. He argues the court should order the defendants to "clarify with specificity, as to the facts alleged in the complaint." The plaintiff questions the legal theories presented in the defendants' answer (pl. m. at 2-6). In an answer, a defendant must "state in short and plain terms its defenses to each claim asserted against it; and admit or deny the allegations asserted against it by an opposing party." Fed.R.Civ.P. 8(b). The defendants are not required, as the plaintiff wishes them to do, to set out their entire case in their answer. The plaintiff's motion is without merit and is denied.

Based upon the foregoing, the plaintiff's motions (doc. 26, 34, 37) are denied.
IT IS SO ORDERED.

| | |
|---|---|
| November 19, 2009 | s/William M. Catoe |
| Greenville, South Carolina | United States Magistrate Judge |