IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| William G. Harden,<br><br>                          Plaintiff,<br><br>vs.<br><br>Scott Bodiford, Administrator; James<br>Dorriety, Administrator; Cpl. Cathey,<br>Detention Officer, All of the Greenville<br>County Detention Center; all<br>defendants herein in their official<br>and individual capacities,<br><br>                          Defendants. | Civil Action No. 6:09-2362-HFF-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiff's motion for entry of default (doc. 52) and the defendants' motion for summary judgment (doc. 56). The plaintiff, a state prisoner who is proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On January 6, 2010, defendants filed a motion for summary judgment. On January 7, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On February 9, 2010, the plaintiff filed his opposition to the defendants' motion for summary judgment.

**FACTS PRESENTED**

The plaintiff alleges in this case that he was incarcerated at the Greenville County Detention Center ("GCDC") as a pretrial detainee from approximately March 2007 to approximately October 2007. He states that during the time period of June 28, 2007, through October 12, 2007, he was an inmate worker and worked a total of 160 days. The plaintiff claims that he was forced to work ten hours a day, seven days a week. He claims his duties included loading food trays and serving meals, doing laundry, distributing sheets and blankets, hauling cleaning supplies, cleaning, scrubbing showers, and emptying trash (comp. at 4). He alleges he was told by Detention Officer LaBonte (not a named defendant in this case) that he must work or be confined in "punitive segregation" (comp. at 3). He alleges that this was forced labor, and he asks for damages in the form of lost wages, damages for loss of a business, damages for humiliation, and punitive damages. Two defendants have previously been dismissed from this action. The remaining defendants are Scott Bodiford, Administrator; James Dority, Administrator; and Corporal Cathey, Detention Officer.

In support of their motion for summary judgment, the defendants submitted the affidavit of Madaline Schaeffer, the Classification Lieutenant at the GCDC, who avers as follows. On April 3, 2007, the plaintiff completed a GCDC "Inmate Worker Medical Screening Form." The form was reviewed by Medical on May 4, 2007. On June 8, 2007, the plaintiff was approved as an inmate worker, and he performed assigned duties as a pod worker between June 28, 2007, and October 13, 2007. According to Lieutenant Schaeffer, the plaintiff requested that he be allowed to work at the GCDC as an inmate worker, and he was medically cleared and screened accordingly. On October 13, 2007, the plaintiff was released from the detention center on bond (Schaeffer aff. ¶¶ 1-10).

While a participant in the inmate work program, the plaintiff performed assigned duties in exchange for which he had the opportunity to possibly earn work credits

after he was sentenced if, in fact, he was sentenced to serve his time at the detention center and if his sentence did not preclude earned work credits. Because of his status as an inmate worker, the plaintiff received priority when uniforms and other clothing were issued; he was given extra food; he was allowed additional time out of his cell; and he was provided with more cleaning supplies for his room. According to Lieutenant Schaeffer, there is normally a waiting list for pretrial inmates to get into the inmate worker program (*id.* ¶¶ 11-23).

***Motion for Default***

The plaintiff has moved for entry of default against the defendants, arguing the defendants' dispositive motions were late and should not be allowed. First, entry of default is appropriate when a party fails to timely plead. Fed.R.Civ.P. 55. Here, the defendants were served with the complaint on October 7, 2009, and their answer was timely filed on October 27, 2009. Second, the defendants' dispositive motions were originally due on December 11, 2009. On December 21, 2009, the Honorable William M. Catoe, then United States Magistrate Judge, enlarged the time and directed the defendants to file their motions by January 7, 2010. The defendants filed their motion for summary judgment on January 4, 2010 – within that extension of time. Based upon the foregoing, the plaintiff's motion (doc. 52) is meritless and should be denied.

***Motion for Summary Judgment***

The remaining defendants have moved for summary judgment on the plaintiff's claims against them. Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

3

> there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden

of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The defendants first argue that the record fails to demonstrate their personal involvement in the alleged deprivations. This court agrees. The plaintiff has failed to allege that these defendants personally acted or failed to act in violation of his constitutional rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("Having failed to allege any personal connection between [the defendant] and any denial of [the plaintiff's] constitutional rights, the action against him must fail."). Defendants Bodiford and Dorriety are not mentioned in the facts alleged by the plaintiff. The only individual defendant mentioned by the plaintiff in the fact section of his complaint is defendant Corporal Cathey. He claims Officer LaBonte, who is not a defendant in this action, told him he reported the plaintiff's complaint about his work assignments to Corporal Cathey. The plaintiff further claims that Officer LaBonte told him that Corporal Cathey said he had to work or go to segregation (comp. at 2-3). The plaintiff, however, has offered no proof in support of his allegation. Further, the defendants submitted the affidavit of Lieutenant Schaeffer, who testified that Corporal Cathey made no decisions regarding whether or not the plaintiff would participate in the inmate worker program. Corporal Cathey only made work assignments from a list that she was given by the classification unit at the GCDC (Schaeffer aff. ¶¶ 17-18). "Liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." *Bennett v. Gravelle*, 323 F.Supp. 203, 214 (D. Md. 1971). The plaintiff has failed to make the required showing.

Furthermore, the doctrine of *respondeat superior* generally is inapplicable to Section 1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in

5

conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.).

"To satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." *Id.* As noted above, the plaintiff has failed to show any evidence of the defendants' knowledge of such conduct. He makes only conclusory allegations. Further, "[a] plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" *Id.* (quoting *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984)). "Causation is established when the plaintiff demonstrates an 'affirmative causal link' between the supervisor's inaction and the harm suffered by the plaintiff." *Id.* (citing *Slakan*, 737 F.2d at 376). The plaintiff has failed to establish each element required for supervisory liability. Accordingly, summary judgment should be granted on the plaintiff's "involuntary servitude" claim.

The plaintiff also alleges the library at the GCDC was inadequate, and thus he "did not know he had a claim for legal redress for his involuntary servitude until after his release" from the GCDC (comp. at 4). The Fourth Circuit Court of Appeals has ruled that the Constitution does not require every local jail even to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). The holding in *Magee* is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" *Id.* Moreover, a prisoner must show specific injury or actual harm from absence of law library when that prisoner was "housed only temporarily in a local jail." *Id.* at 453. Here, while the

6

plaintiff claims he was unable to pursue the instant action while he was housed at the GCDC (comp. at 4), he has not been injured since he was able to file the claim upon his transfer to Broad River Correctional Institution. *See Magee*, 810 F.2d at 453 (noting that the plaintiff had no difficulty in litigating his claims upon his transfer to prison). Accordingly, the claim fails.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the plaintiff's motion for entry of default (doc. 52) be denied and the defendants' motion for summary judgment (doc. 56) be granted.

s/Kevin F. McDonald
United States Magistrate Judge

June 25, 2010

Greenville, South Carolina