IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William G. Harden,<br>Plaintiff, | Case No. 6:09-cv-2362-RMG |
| v. | **ORDER** |
| Scott Bodiford, Administrator, et. al.,<br>Defendants. | |

This matter comes before the Court on Defendants' Motion for Summary Judgment (Entry 56) and Plaintiff's Motion for Entry of Default (Entry 52). This *pro se* action was brought by William G. Harden, presently an inmate at Lieber Correctional Institute, a facility of the South Carolina Department of Corrections, and formerly a pre-trial detainee incarcerated at the Greenville County Detention Center ("GCDC"). Plaintiff contends that the requirement of the GCDC for inmates to perform work assignments constitutes a violation of his rights under 42 U.S.C. § 1983. Plaintiff further alleges that the absence of a law library at the GCDC violates his constitutional rights. Finally, Plaintiff contends that the Defendants' Answer and Motion for Summary Judgment were untimely, entitling him to an entry of default.

This matter was referred to the Magistrate Judge in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C. Magistrate Judge William M. Catoe recommended the Court grant partial summary judgment on behalf of Defendants Greenville County Detention Center and Paul B. Wickenseimer on September 24, 2009, and United States District Judge Henry F. Floyd granted the Defendants' Motion for Partial Summary Judgment on October 21, 2009. (Entries 13 and 27) The remaining Defendants moved for summary judgment on January 6, 2010 (Entry 56). Plaintiff moved for an entry of default on January 4, 2010 (Entry 52). Magistrate Judge Kevin F. McDonald issued

-1-

a Report and Recommendation on June 25, 2010, recommending the Court grant the Defendants' Motion for Summary Judgment and deny Plaintiff's Motion for Entry of Default. (Entry 75) Plaintiff filed objections to the Report and Recommendation on February 9, 2010. (Entry 66)

The Magistrate Judge only makes a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation to which specific objection is made. The Court may accept, reject or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The Court, having made a *de novo* review of those matters in which Plaintiff has interposed an objection to the Report and Recommendation of the Magistrate Judge, adopts the conclusions of the Magistrate Judge to grant the Defendants' Motion for Summary Judgment and to deny the Plaintiff's Motion for Entry of Default, as more fully set forth below.

## LAW/ ANALYSIS

Plaintiff was incarcerated as a pre-trial detainee at the GCDC from March through October 2007 and complains that he was forced to perform labor under the threat of sanctions if he refused during the period June 28, 2007 through October 12, 2007. His duties included loading and unloading food trays, serving meals, doing laundry, distributing sheets and blankets, hauling cleaning supplies, cleaning, scrubbing showers and emptying trash. (Entry 1, p. 4) It is well settled that an inmate is not entitled to compensation for assigned labor and a claim arising from the non-payment

of wages to an inmate is not valid under 42 U.S.C. § 1983, whether asserted as a breach of contract, denial of equal protection, involuntary servitude or cruel and unusual punishment. Newell v. Davis, 563 F. 2d 123, 124 (4th Cir. 1977)(characterizing such a claim as "obviously without merit"); Wednt v. Lynaugh, 841 F. 2d 619, 620(5th Cir. 1988); Easley v. Vance, 1995 WL 71335 (5th Cir. 1995); Borror v. White, 377 F. Supp. 181 (W.D. Va. 1974); Miller v. Visintainer, 2007 WL 2363826 (D.S.C. 2007).

Plaintiff next asserts that he was denied access to a law library while incarcerated at the GGDC, which caused him a delay in researching and filing his §1983 claim in this matter regarding his alleged involuntary servitude until he was transferred to a prison under the control of the South Carolina Department of Corrections. (Entry 1, p.4) There is no assertion by Plaintiff that his claim was time barred or otherwise obstructed by the lack of availability of a law library at the county jail while he was temporarily incarcerated awaiting trial. Plaintiff's total period of incarceration at the GCDC was less than eight months. (Entry 56-3)

The United States Constitution guarantees prisoners the right to meaningful access to the courts, which requires state prison officials to provide inmates access to an adequate law library. Bounds v. Smith, 430 U.S. 817 (1977). Courts have recognized, however, that prisoners temporarily housed in city and county jails need not be provided a law library access. Magee v. Waters, 810 F. 2d 451, 452 (4th Cir. 1987); Cruz v. Hauck, 515 F. 2d 322 (5th Cir. 1975); Crow v. Sanders, 2010 WL 2430390 (D.S.C. 2010). Further, an inmate asserting a claim for alleged deprivation of access to the courts must demonstrate actual injury from the lack of law library facilities which resulted in a meaningful impediment to the assertion of the inmate's legal rights. Stricker v. Waters, 989 F. 2d 1375, 1383 n.10 (4th Cir. 1993). Plaintiff has offered no evidence of any impediment in the timely

assertion of his legal rights. The Magistrate Judge's conclusion that Plaintiff has failed to assert a valid claim for denial of access to the court through the absence of a law library at the GCDC is well supported by the record and controlling case law.

Finally, Plaintiff contends that the Defendants' failed to timely file their answer and summary judgment motion. The Defendants were served on October 7, 2009 and the answer was timely filed on October 27, 2009. (Entries 31 and 32) Defendants moved for summary judgment on January 6, 2010, which was within the time provided for such motions by the Court's scheduling order. (Entries 50 and 56) The Magistrate Judge's finding that the Plaintiff's motion for entry of default "is meritless and should be denied" is well supported by the record. (Entry 75, p. 3)

The Court, having reviewed the Report and Recommendation of the Magistrate Judge, the objections of the Plaintiff, the record from this action and the applicable law, hereby **GRANTS** the Defendants' Motion for Summary Judgment (Entry 56), **DENIES** the Plaintiff's Motion for Entry of Default (Entry 52) and **DISMISSES** this action with prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 27, 2010
Charleston, South Carolina